IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JARED GRAVES,

        Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA and
STANDARD FIRE INSURANCE
COMPANY

        Defendants.

Case No.18-CV-416-JED-FHM

## OPINION AND ORDER

Defendant Travelers Property Casualty Company of America's (Travelers) Motion to Quash Plaintiff's Subpoena for Production of Record from a Non-Party, [Dkt. 40], and Non-Party, R. Stratton Taylor's Motion to Quash the Subpoena for Production of Records From Non-Party, [Dkt. 41] is before the court for decision. The matters have been fully briefed. [Dkt. 40, 52, 49, 55 and 41, 48, 51].

Plaintiff issued a subpoena to non-party attorney R. Stratton Taylor seeking production of:

> A copy of all depositions taken by Plaintiff in the case of Nickie Amber O'Brien v. Travelers Property Casualty Co of America dba Travelers, Travelers Insurance Companies et al, United State [sic] District Court of the Western District of Oklahoma, Case No. 5: 16-CV-1176

[Dkt. 41-1, p. 2]. Mr. Taylor seeks to quash the subpoena for the following reasons:

1. the subpoena was not properly served;

2. the information sought is protected by an agreed protective order in the O'Brien case;

     3. the depositions would have to be redacted of confidential and protected information, resulting in undue burden and expense for a non-party;

     4. the subpoena is overly broad in that it seeks production of all depositions taken by Plaintiff in the O'Brien case without any indication that the depositions are relevant to the instant case;

     5. the subpoena appears to attempt to avoid the expense of obtaining deposition copies upon payment of fees to the court reporter as required by Fed.R.Civ.P. 30(f)(3).

In response Plaintiff admits the subpoena was not properly served, but asserts that the method of service used, certified mail return receipt requested, gave actual notice of the subpoena such that it should not be quashed. Plaintiff also states that if the subpoena is quashed for lack of service, he will "simply turn around and serve Taylor as may be required." [Dkt. 48, p.4]. Although Mr. Taylor received actual notice of the subpoena, the court does not countenance the use of alternative methods of service. Since the court concludes that the subpoena should be quashed in any event, the merits of the motion will be addressed.

Plaintiff asserts that even if the depositions in the O'Brien case are subject to a protective order that is no obstacle to production of the depositions because there is also a protective order in place in this case. Plaintiff has not provided any citation to authority suggesting that this court can relieve parties or counsel of their obligations under a protective order issued by a judge in a different case.[1] To pursue this discovery, Plaintiff must first seek relief from the protective order before the court that entered the protective

---

[1] Plaintiff also asserts that, based on his review of the docket sheet in *O'Brien,* no protective order appears to have been entered. [Dkt. 48, p. 2]. The *O'Brien* docket sheet appended to Mr. Taylor's reply brief demonstrates that two protective orders were entered in the case. [Dkt. 50, pp. 5, 10].

order. *See Ross v. Pioneer Life*, Case No. 07-MC-18-TCK-FHM (N.D. Okla. 2007) Docket No. 22 (September 21, 2007) and Docket No. 32 (November 19, 2007), 2007 WL 4150957. Since the documents sought appear to be subject to a protective order entered in a different case, it is appropriate to quash the subpoena.

Defendant Travelers seeks to quash the subpoena to the attorney it retained to defend it in the O'Brien case on the basis that the requested depositions have no possible bearing on any claim or defense in this litigation. Plaintiff explains that his request involves deposition transcripts in the O'Brien case of Travelers' employees who were also involved in reviewing Plaintiff's claims and the transcripts of those of Travelers' employees who have dealt with similar issues.[2] Plaintiff also contends this case and the O'Brien case contain the same issues.

The court finds that deposition transcripts of Travelers' employees who actually handled Plaintiff's case are relevant for discovery purposes. However, Plaintiff has made no effort to explain how depositions of employees who were not involved with Plaintiff's claim, but who have dealt with similar issues, would serve the needs of the case. Therefore, if the court that issued the protective order in the O'Brien case lifts the protective order to permit production of any deposition transcripts, only those transcripts that involve the same employees who actually handled Plaintiff's claim have any relevancy to this case. Any subsequently issued subpoena addressing deposition transcripts must be so limited.

---

[2] In his response brief Plaintiff states that Travelers' response to a Request for Production of Documents directed Plaintiff to seek the requested deposition transcripts from its retained counsel. [Dkt. 52, p. 2, 7]. Travelers stated that any statements made in a judicial proceeding would be maintained by retained counsel. It is a stretch to say as Plaintiff does that Travelers directed or urged Plaintiff to subpoena its retained counsel.

Defendant Travelers Property Casualty Company of America's (Travelers) Motion to Quash Plaintiff's Subpoena for Production of Record from a Non-Party, [Dkt. 40], and Non-Party, R. Stratton Taylor's Motion to Quash the Subpoena for Production of Records From Non-Party, [Dkt. 41], are GRANTED.

SO ORDERED this 25th day of June, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE