IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JARED GRAVES, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 18-cv-00416-JED-FHM |
| (1) TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) |
|       Defendant. | ) |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE**

Defendant Travelers Property Casualty Company of America ("Travelers") hereby submits its Response to Plaintiff's Motion and Limine Nos. 1, 2, and 3 [Dkt. 88, 89, and 90].

**SUMMARY OF THE CASE**

This litigation arises out of a claim for uninsured motorist benefits submitted by Plaintiff under a commercial automobile policy between his employer, Hahn Appliance Center, Inc. ("Hahn"), and Travelers, following an automobile accident on September 7, 2017. At the time of the accident, Plaintiff was a passenger in a commercial truck leased by Hahn and operated by an employee of Hahn, who along with Plaintiff, was using the truck with permission of Hahn and in the normal course and scope of Hahn's business. Plaintiff suffered bodily injuries as a result of the accident and sought workers' compensation benefits from Hahn. Eventually, Plaintiff made an uninsured motorist claim with Travelers in December 2017.

Travelers initially disclaimed coverage to Plaintiff in January 2018 because the facts as known did not trigger UM/UIM coverage for Plaintiff under the policy terms. Specifically, the lease provided by Hahn (Travelers' insured) in relation to the leased truck did not contain a provision requiring Hahn to provide direct primary insurance for the lessor, which was required

to afford UM/UIM coverage under the policy. However, in March of 2018, Travelers learned Hahn had not provided the full lease agreement which prompted a reexamination of Plaintiff's claim. Upon receiving and reviewing the full lease agreement – which did contain the required language – Travelers immediately accepted Plaintiff's claim and began its investigation. With coverage afforded, Plaintiff made a policy limit demand of $1,000,000.00 on March 27, 2018. In less than two (2) months, Travelers tendered $850,000.00 to Plaintiff as the undisputed portion of his claim. After further investigation, and within five (5) months of accepting Plaintiff's claim, Travelers tendered the entire $1,000,000.00 policy limit to Plaintiff.

**TRAVELERS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 1:**

In Plaintiff's Motion in Limine No. 1, Plaintiff seeks the preclusion of evidence or argument relating to advice of counsel including confidential attorney-client communications as the basis for Travelers' claim decision.

Travelers does not intend on introducing any evidence or arguing the coverage and claims decision in this case were based upon the advice of counsel. Therefore, Travelers has no objection to this motion in limine. In fact, Travelers requested the same evidentiary ruling in its Motion in Limine No. 4. [Dkt. 91, at pp 6-7]. As the parties are in agreement on this issue, Plaintiff's Motion in Limine No. 1 is moot.

**TRAVELERS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 2:**

Plaintiff's Motion in Limine No. 2 requests the Court enter an order estopping Travelers from denying Hub International Mid-America ("Hub") was its agent in relation to the subject policy.

From what Travelers can surmise, Plaintiff is attempting to obtain – by way of motion in limine – a dispositive ruling that Hub is the agent of Travelers, purportedly to impute any

knowledge of Hub regarding the full lease agreement to Travelers to show the original disclaimer of coverage was in bad faith[1]. Because Plaintiff's argument is both procedurally improper and legally flawed, it must be rejected outright.

**A. Plaintiff's Motion in Limine is procedurally improper.**

Initially, Plaintiff's motion in limine is improper because it requests the Court make an evidentiary ruling on a disputed fact issue, namely, Travelers' relationship with Hub. Oklahoma law is clear that "[a]gency is a question of fact to be decided by the jury . . ." *Sipes v. Perdomo*, 247 P. 689, 690 (Okla. 1925); *Whitney v. Low*, 278 P. 1096, (Okla. 1929) ("Agency is never presumed, but is a question of fact to be proven..."). Therefore, it would be inappropriate to make an evidentiary ruling regarding agency, which is properly a question for the jury.

Even if it were proper for the Court to make a dispositive ruling on a fact issue through a motion in limine – which it is not – Plaintiff has presented no evidence whatsoever to support his conclusory statements regarding the purported agency relationship between Hub and Travelers. Rather, Plaintiff requests the Court make an evidentiary ruling based upon *assumptions of fact* which have not been proven or supported by evidence. Plaintiff has not moved for summary judgment on this issue, so there is no evidence in the records to support Plaintiff's assertions. Further, no evidence was attached to Plaintiff's Motion in Limine to support his claims or the relief requested. As a result, the record is wholly devoid of any evidence regarding: (1) the nature of Hub's business; (2) whether Hub had authority to bind coverage for Travelers; (3) whether Hub did in fact negotiate and issue the insurance policy in this case; (4) any

---

[1] While Travelers disputes this theory of liability entirely, it should be noted there has been no evidence in this case that Hub had access to the full lease agreement or knew it contained language requiring direct primary insurance, nor has this argument of agency ever been raised before in this case. Travelers is frankly perplexed as to the purpose of this motion in limine but speculates this is the basis.

3

communications between Hub and Travelers regarding the policy, the lease agreement, or Plaintiff's UM/UIM claim; (5) the knowledge allegedly possessed by Hub with regards to the same; or (6) any documents in Hub's possession potentially affecting coverage. Simply, there is a complete lack of evidence to support Plaintiff's claims of agency (or theory of liability in this regard), let alone enough evidence to support an evidentiary ruling on these disputed facts. Because this issue is not appropriate for a motion in limine, Plaintiff's Motion in Limine No. 2 should be denied.

### B. Plaintiff's Motion in Limine is legally flawed.

Not only is Plaintiff's Motion in Limine No. 2 procedurally defective, it is legally misguided because Travelers' relationship with Hahn has no bearing on its nondelegable duty to investigate and evaluate Plaintiff's claim – which is the core issue in this bad faith case.

Under well-established Oklahoma law, insurers have a nondelegable duty to act in good faith and deal fairly with their insureds. "The duty of good faith and fair dealing applies to activities after the establishment of the insurer-insured relationship, and includes the claims handling process. The duty is nondelegable so that insurers cannot escape it by delegating tasks to third parties." *Wathor v. Mut. Assur. Adm'rs, Inc.*, 87 P.3d 559, 562, *as corrected* (Jan. 22, 2004) (Okla. 2004) (citations omitted). "Agents of the insurer – even agents whose acts may have been material to a breach of the duty – do not normally owe the insured a duty of good faith since agents are not parties to the insurance contract." *Id*. According to the Oklahoma Supreme Court:

> [A]n insurer has a non-delegable duty of good faith while performing the functions of claims management, adjustment and settlement. **This duty requires the insurer to take positive steps to adequately investigate, evaluate, and respond to its insureds' claims.** An insurer may employ an agent or an independent contractor to perform these functions, but this does not absolve the insurer of its own non-delegable duty. If the agent or independent contractor fails

4

to adequately perform the functions, the insurer is liable, not under the doctrine of *respondeat superior*, but because of its own failure to comply with its non-delegable duty of good faith.

*Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 86 (Okla. 2014) (citing *Wathor*, 87 P.3d at 564 n.6) (emphasis added and omitted).

Plaintiff's motion in limine facially seeks an order estopping Travelers from denying an agency relationship existed between Hub and Travelers by citing to *Moon v. Guarantee Ins. Co.*, 764 P.2d 1331 (Okla. 1988) and 36 O.S. § 1435.3(A). In *Moon*, the Oklahoma Supreme Court was tasked with answering a list of certified questions from the United States District Court for the Northern District of Oklahoma. *Id*. at 1332. The factual situation involved the plaintiff renting a vehicle from a car rental agency. At the time of the rental, the plaintiff believed and was told he had opted for all coverage available. *Id*. at 1333. However, the plaintiff was subsequently involved in an accident wherein the plaintiff was injured and the tortfeasor was an uninsured motorist. After filing a claim with the insurance company from the car rental agency, the plaintiff was told no coverage was available. *Id*. at 1334.

The questions posed to the Oklahoma Supreme Court relating to 36 O.S. § 1435.3(A) involved whether the employees at the car rental agency were statutory agents of the insurance company for the purpose of offering uninsured motorist coverage as required under 36 O.S. § 3636. *Id.* at 1336. The Oklahoma Supreme Court answered in the affirmative, stating the insurer was estopped from denying the statutory agency relationship with the car rental agents in the context of offering, applying for, and binding coverage for an insured. *Id.* (citing 36 O.S. § 1435.3(A)). Thus, when the car rental agent presented coverage options to the plaintiff, the car rental agent was a statutory agent of the insurance company and was required to offer uninsured motorist coverage pursuant to 36 O.S. § 3636. *Id.* at 1336.

Both the factual situation in *Moon* and the language of 36 O.S. § 1435.3(A) are inapposite to this case. Here, unlike *Moon*, there is no dispute that the policy in question contained UM/UIM coverage; the issue was whether the lease at issue contained the requisite language to afford UM/UIM coverage to Plaintiff. Despite Plaintiff's intimations, there was no schedule of owned or leased vehicles in the policy which identified VIN numbers of the covered vehicles. Rather, the existence of UM/UIM coverage under the policy was dependent upon the language of the lease agreement for this particular leased truck.

Notwithstanding, Plaintiff has completely failed to demonstrate how Hub acted as an agent of Travelers at any point, let alone as it relates to the handling of Plaintiff's UM/UIM claim. In no way has Plaintiff shown how Hub's negotiation or issuance of the policy could possibly affect Travelers' handling of Plaintiff's claim, and certainly, it is not argued, nor would the facts support the inference Hub aided, instructed, assisted, or was even involved in handling Plaintiff's UM/UIM claim. There is also no evidence Hub had any information or documents in its possession that would have affected Travelers' coverage decision or claim investigation.

Even if Hub was Travelers' statutory agent, Travelers has a nondelegable duty to evaluate, investigate, handle, and ultimately make a decision to accept or deny any claims presented under a policy issued by Travelers. *Wathor*, 87 P.3d 562. The existence of a purported statutory agency between Hub and Travelers has no bearing on this nondelegable duty or Travelers' investigation and evaluation of Plaintiff's claim. Therefore, Plaintiff's assertion of an agency relationship between Hub and Travelers – which is both unsupported and immaterial to Plaintiff's bad faith claim – should be rejected, and Plaintiff's Motion in Limine No. 2 should be denied.

**TRAVELERS RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 3:**

Plaintiff's Motion in Limine No. 3 seeks to prevent Travelers from presenting evidence or arguing the value of Plaintiff's claim was less than the policy limit or the ultimate payment of the policy limit was an overpayment.

Here, Travelers paid Plaintiff the entire policy limit in two separate payments totaling $1,000,000.00 ($850,00.00 on May 12, 2018, and $150,000.00 on July 23, 2018). While Travelers has no intention of soliciting testimony or presenting evidence to suggest payments made to Plaintiff were an "overpayment" or that the claim was "actually worth less than the sum paid", Travelers should not be prevented from presenting evidence or soliciting testimony relating to its investigation and evaluation of Plaintiff's claim, the timing of the payments made to Plaintiff, the justification for these payments, or the amounts paid to Plaintiff. Plaintiff has presented no legal or factual basis to preclude Travelers from offering such evidence. To the extent Plaintiff seeks to limit Travelers' ability to present evidence to support its defenses to Plaintiff's claims, this Motion in Limine No. 3 should be denied.

Respectfully submitted,

s/L. Grant Gibson
Derrick T. DeWitt, OBA #18044
Melanie K. Dittrich, OBA #30846
L. Grant Gibson, OBA #33513
DeWITT PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
*Attorneys for Defendant*
*Travelers Property Casualty Company of America*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of September, 2020, the above document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony P. Sutton
Marlin R. Davis
*Attorneys for Plaintiff*


                                                s/L. Grant Gibson